UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00202-TBR

JOE HAND PROMOTIONS, INC.,                 Plaintiff,

v.

BRANDY MARIE DICK, *et al.*,                  Defendants.

## MEMORANDUM OPINION

Joe Hand Promotions, Inc. filed this action against Brandy Marie Dick and The Neon Saddle LLC, bringing claims under 47 U.S.C. §§ 553 and 605, along with a common-law claim for unjust enrichment, for broadcasting a pay-per-view program without authorization. In a prior order, the Court entered default against Dick and The Neon Saddle LLC, and neither has acted since that time. Now, Joe Hand Promotions has filed a motion for entry of a default judgment against them. Having carefully reviewed the record before it, the Court finds entry of a default judgment to be warranted. Accordingly, Joe Hand Promotions, Inc.'s Motion for Entry of Default Judgment, [R. 11], is **GRANTED**.

### I.

### A.

Joe Hand Promotions, Inc. is a closed-circuit distributor of sports and entertainment programming. [R. 11-2 at 2, ¶ 3 (Hand, Jr.'s Affidavit).] It purchases the commercial exhibition rights to programming including, as pertinent to this action, those related to the *Ultimate Fighting Championship 165: Jon Jones v. Alexander Gustafsson*, which was broadcasted on September 21, 2013. [*Id.*] Joe Hand Promotions, in turn,

sublicenses those exhibition rights to commercial establishments for a fee based on the capacity of the location in question. [*Id.* at 2–3, ¶¶ 3, 7.]

Unsurprisingly, there are many who wish to exhibit popular sports programming but remain unwilling to pay for the privilege. [*Id.*, ¶ 4.] To make sure those businesses pay their fair share, Joe Hand Promotions dispatches investigators to local bars and restaurants on the nights of major showings, including the broadcast of the *Ultimate Fighting Championship 165: Jon Jones v. Alexander Gustafsson*, to catch "signal pirates" in the act. [*Id.*, ¶¶ 5–6.]

Brandy Marie Dick is a managing member of The Neon Saddle LLC, which owns and operates The Neon Saddle, a bar located in Paducah, Kentucky. [R. 1 at 2, ¶¶ 7–8 (Complaint).] An investigator for Joe Hand Promotions, Shawna M. Spiller, visited The Neon Saddle on the night of September 21. [R. 11-4 at 1–2 (Spiller's Affidavit).] Spiller estimated the capacity of The Neon Saddle to be around ninety people. [*Id.* at 2.] Inside the establishment, Spiller observed one of two televisions exhibiting the *Ultimate Fighting Championship 165: Jon Jones v. Alexander Gustafsson*. [*Id.* at 1.] The Neon Saddle, however, had not entered into a sublicensing agreement with Joe Hand Promotions to exhibit that program. [R. 11-2 at 3, ¶ 8.] Had Dick and The Neon Saddle paid for the right to exhibit that program, the cost would have been $1,100.00. [R. 11-3 at 1 (Rates).]

**B.**

Joe Hand Promotions sued Dick and The Neon Saddle LLC, bringing claims under 47 U.S.C. §§ 553 and 605, along with a common-law claim for unjust enrichment, for broadcasting the program without appropriate authorization. [R. 1 at 4–7, ¶¶ 16–33.]

Dick and The Neon Saddle LLC were served with copies of the complaint and summons on November 2, 2015. [R. 6 at 1–2 (Summons); R. 7 at 1–2 (Summons).] However, neither appeared or filed an answer (or any other pleadings) to defend against this action. The Court entered default against Dick and The Neon Saddle LLC on September 15, 2016. [R. 9 (Entry of Default).] No action has been taken by either Dick or The Neon Saddle LLC since default was entered. Now, Joe Hand Promotions moves for entry of a default judgment against them. [R. 11 at 1–2 (Motion for Entry of Default Judgment).]

## II.

Upon default, the Court takes as true all factual allegations in the complaint except those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6); *see also Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Even after the entry of default, however, the decision "to grant a default judgment is within the Court's discretion." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). In determining whether to enter a default judgment, courts in this Circuit typically consider factors such as:

> [1] the amount of money potentially involved; [2] whether material issues of fact or issues of substantial public importance are at issue; [3] whether the default is largely technical; [4] whether plaintiff has been substantially prejudiced by the delay involved; [5] and whether the grounds for default are clearly established or are in doubt.

10A Charles A. Wright et al., *Federal Practice and Procedure* § 2685 (4th ed.), Westlaw (database updated January 2017) (footnotes omitted).

### III.

Joe Hand Promotions moves for entry of a default judgment on its claims under 47 U.S.C. §§ 553 and 605.[1] [R. 11 at 1–2.] The Court holds entry of a default judgment to be warranted, albeit with one caveat. Although judgment on Joe Hand Promotion's § 553 claim is appropriate, the same cannot be said for its § 605 claim.

Section 553 prohibits any person from "intercept[ing] . . . any communications service offered over a cable system" without specific authorization. 47 U.S.C. § 553(a)(1). Section 605, in turn, prohibits any person from "intercept[ing] any radio communication," *id.* § 605(a), which includes satellite signals, *see United States v. One Macom Video Cipher II, SN A6J050073*, 985 F.2d 258, 260 (6th Cir. 1993). It is well-established that courts will not award statutory damages under both § 605 and § 553 where those claims arise from a single set of operative facts. *Joe Hand Promotions, Inc. v. Streshly*, 655 F. Supp. 2d 1136, 1137 (S.D. Cal. 2009) (citing *Time Warner Cable of N.Y.C. v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 489 (S.D.N.Y. 1999); *Joe Hand Promotions, Inc. v. Dailey*, No. C 01-4219, 2003 WL 1342998, at *2 (N.D. Cal. Mar. 13, 2003)); *accord J & J Sports Prods., Inc. v. Main Hookah Lounge, LLC*, No. 14-CV-01075-W-DGK, 2015 WL 6457300, at *2 (W.D. Mo. Oct. 26, 2015); *see also TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196, 207 (3d Cir. 2001); *United States v. Norris*, 88 F.3d 462, 469 (7th Cir. 1996).

Here, Joe Hand Promotions asks for judgment under both § 553 and § 605. [*See* R. 1 at 7.] Those claims, however, spring from the same set of operative facts. [*Id.* at 2–3, ¶¶ 9–14.] The Court must determine, therefore, which section best applies in these

---

[1] Joe Hand Promotions, Inc. appears to have abandoned its common-law unjust enrichment claim.

circumstances. While Joe Hand Promotions has adduced sufficient evidence to show that the broadcast in question was unlawfully intercepted, [*see* R. 11-2 at 3, ¶ 8; R. 11-4 at 1–2], it has not demonstrated that the interception was more likely of a satellite transmission than of a cable transmission. Accordingly, the Court will treat the interception as that of a cable transmission, which § 553 prohibits.

A person aggrieved by a violation of § 553, such as Joe Hand Promotions, may bring a civil action to recover actual or statutory damages, full costs, and attorney's fees. 47 U.S.C. § 553(c)(1), (2)(B)–(C). In way of statutory damages, the aggrieved party may recover an award "in a sum of not less than $250 or more than $10,000" as the Court "considers just." *Id.* § 553(c)(3)(A)(ii). If the violation was willful and for purposes of commercial advantage or private financial gain, then the Court may in its discretion "increase the award of damages . . . by an amount of not more than $50,000." *Id.* § 553(c)(3)(B). On the other hand, if the "violator was not aware and had no reason to believe his acts" violated the law, then the Court may in its discretion "reduce the award of damages to a sum of not less than $100." *Id.* § 553(c)(3)(C).

From the affidavit of Joe Hand, Jr., the President of Joe Hand Promotions, the Court is satisfied that the program was not "mistakenly, innocently, or accidentally intercepted." [R. 11-2 at 3–4, ¶ 9; *see also id.* at 5, ¶ 13.] It seems apparent that the interception was for private financial gain too. [*Id.* at 5–6, ¶ 15.] Based on Joe Hand Promotions' pricing structure, Dick and The Neon Saddle LLC ought to have paid Joe Hand Promotions around $1,100.00 for a sublicense to broadcast the program. [*Id.* at 3, ¶ 7; R. 11-3 at 1; R. 11-4 at 2.] Instead, Joe Hand Promotions spent $1572.50 to prosecute this action. [R. 11-1 at 1 (Riley's Affidavit).]

5

Having carefully reviewed the record, the Court finds statutory damages in the amount of $2,200.00 to be appropriate and within the typical range awarded in this District. *See Joe Hand Promotions, Inc. v. Hernandez*, No. 3:14-CV-86-CRS, 2016 WL 502058, at *4 (W.D. Ky. Feb. 8, 2016) (awarding $1,000 for non-willful violation); *Joe Hand Promotions, Inc. v. Young*, No. 5:09-CV-157, 2010 WL 3341449, at *3–4 (W.D. Ky. Aug. 24, 2010) (awarding $4,800 for non-willful violation); *Joe Hand Promotions, Inc. v. Williams*, No. 3:07-CV-406-JDM, 2010 WL 341513, at *2–3 (W.D. Ky. Jan. 22, 2010) (awarding $1,000 for non-willful violation). An award of $1,572.50 to cover Joe Hand Promotions' costs and attorney's fees is reasonable too. *See* 47 U.S.C. § 553(c)(2)(C). Therefore, the Court will enter judgment against Dick and The Neon Saddle LLC in the amount of $3,772.50.

## IV.

Joe Hand Promotions, Inc.'s Motion for Entry of Default Judgment, [R. 11], is **GRANTED**.

A separate order and judgment shall issue.

Date:

cc:     Counsel of Record

       Brandy Marie Dick, Individually and d/b/a The Neon Saddle
       280 Hicks Lane
       Ledbetter, KY 42058

       Brandy Marie Dick, Registered Agent
       The Neon Saddle LLC, d/b/a The Neon Saddle
       280 Hicks Lane
       Ledbetter, KY 42058